IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMMANUEL GRANT, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
|   vs. | )   Case No. 15-cv-00428-MJR |
| | ) |
| IDOC DIRECTOR, | ) |
| | ) |
|         Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

On April 17, 2015, Plaintiff Emmanuel Grant, proceeding *pro se*, filed a civil complaint in this Court. Plaintiff also sought leave to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915. (Doc. 2). At the time Plaintiff filed his complaint, he was incarcerated at Vandalia Correctional Center ("Vandalia"); however, a review of the Illinois Department of Correction's Inmate Search website indicates that Plaintiff was released on parole a week later.[1] Nonetheless, because Plaintiff was incarcerated when he filed this suit,[2] he meets the statutory definition of "prisoner," and his complaint is subject to a merits review under 28 U.S.C. § 1915A.[3]

## Merits Review Pursuant to 28 U.S.C. § 1915

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of

---

[1] Website of the Illinois Department of Corrections, Inmate Search Page, http://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited May 7, 2015).

[2] The determination of a plaintiff's status as a prisoner or non-prisoner, and thus the applicability of the Prison Litigation Reform Act (PLRA) must be made as of the date the lawsuit is brought. *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998).

[3] 28 U.S.C. § 1915(h) states that "[t]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).  Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A and dismiss the complaint for failure to state a claim.

Plaintiff asserts that in December 2014 he was diagnosed with bi-polar disorder, psychoses, depression, high blood pressure, and mild mental retardation. (Doc. 1, p. 5).  Since that time, he alleges that he has not received any mental health services from the Illinois Department of Corrections.  *Id*. at 5-6.  Plaintiff did not name a defendant in the case caption, although he did identify "Director IDOC" as a Defendant on the court-issued complaint form. (Doc. 1, p. 1).  Plaintiff, however, makes no mention of Defendant Director IDOC or any other individual in his statement of the claim.  *Id*. at 5.  While it is possible that Plaintiff has an actionable claim for denial of medical treatment,[4] he has failed to allege facts in support of a claim that the Director of IDOC or any other state official acted with deliberate indifference to his medical needs.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  To survive a merits

---

[4] To establish an Eighth Amendment medical needs claim, a plaintiff must show that: (1) the medical condition was objectively serious; and (2) the state officials acted with deliberate indifference to his medical needs.  *See Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).  To establish deliberate indifference, Plaintiff "must demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'"  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).  "A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain."  *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *see also Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996).  But, to be held liable, officials must "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'"  *Greeno*, 414 F.3d at 653 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

review under 28 U.S.C. § 1915A, a *pro se* litigant's complaint "must contain sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). "Naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal quotation marks and citations omitted).

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is to ensure that defendants are put on notice of the claims brought against them so that they can properly answer the complaint. Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Furthermore, in the case of a defendant in a supervisory position, like the Director of IDOC, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Plaintiff has not alleged that the Director of IDOC is "personally responsible for the deprivation of a constitutional right," *id.*, and a defendant cannot be liable merely because he supervised a person who caused a constitutional violation.

For these reason, the Court finds that the complaint fails to state a claim in compliance with Rule 8 of the Federal Rules of Civil Procedure and should be dismissed. However, the dismissal is without prejudice to Plaintiff filing an amended complaint that cures the defects noted in this Order, according to the instructions set forth in the disposition below.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) remains **PENDING**. The Court will delay ruling on this motion until after the time in which Plaintiff has been granted leave to file an amended complaint has expired.

Plaintiff is **GRANTED** leave to file his "First Amended Complaint" within **THIRTY-FIVE DAYS** of entry of this Memorandum and Order (on or before June 15, 2015). Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, this case will be dismissed for failure to comply with an order of this Court and the case will be closed. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

Plaintiff is **ADVISED** that should he decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action. The amended complaint shall present each claim in a separate count, and each count shall specify, ***by name***, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. In particular, the allegations should demonstrate which defendant(s) are personally responsible for any claimed violation of his constitutional rights. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1

(7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, it remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven (7) days** after any change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 11, 2015**

s/ MICHAEL J. REAGAN
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
